■ ARTHUR PURO, Appellant-Respondent, v. JACOB PURO, Appellant-Respondent, and LOUIS PURO et al., Respondents-Appellants.— Order, Supreme Court, New York County, entered on August 26, 1971, granting partial summary judgment, unanimously modified, on the law, to deny partial summary judgment with respect to the stock of Purofied Down Products Corp., to delete the provision for a stockholders' meeting on January 10, 1972, and to grant partial summary judgment to all the properties on Schedule A of the agreement of September 30, 1963, and otherwise affirmed, without costs and without disbursements. The stock issue does not lend itself to determination on the papers submitted. At the very least, a triable issue of fact is presented as to whether the stock was contributed by the brothers to capital in the partnership to support the interest of each brother in proportions to be proven. The schedule of real property in the agreement of September 30, 1963, and the provisions relating thereto, provide for a right of first refusal among the brothers. These provisions are inconsistent with the provisions of a partnership. The properties in Palm Beach, Florida, and Poincianna Island should also have been excluded from the partnership. Further, the direction for the stockholders' meeting is an intervention in the internal affairs of a corporation not compelled by the facts herein. The cross appeals from the order of the Supreme Court, New York County, entered on October 13, 1971, denying reargument, are unanimously dismissed, without costs and without disbursements. Said order is not appealable. Concur — Kupferman, J. P., Murphy, Steuer and Tilzer, JJ.

■ TECHNICAL TAPE CORP., Respondent, v. MELVIN J. CARRO et al., Defendants, and DANIEL K. SOBOL et al., Appellants.— Two orders, Supreme Court, New York County, each entered on July 23, 1971, unanimously affirmed; and respondent shall recover of appellants one bill of $30 costs and disbursements of these appeals. Appellants' renewed motion on argument of the aforesaid appeals to strike portions of respondent's brief is denied. The court has not taken any notice of any of the material objected to other than Special Master's report and the Federal court decision, and as to these, judicial notice is proper. No opinion. Concur — Nunez, J. P., Kupferman, McNally, Tilzer and Eager, JJ.